DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 1:05-cr-007-RRB |
| ) | |
| Plaintiff, ) | |
| ) | GOVERNMENT'S |
| vs. ) | SENTENCING |
| ) | MEMORANDUM |
| WILLIAM R. HAMMOCK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, WILLIAM R. HAMMOCK, who is scheduled to be sentenced on March 23, 2006. For the reasons provided below, the government concurs with the

recommendations made by the final presentence report, concedes that the base offense level should be 14 instead of 20, and recommends a sentence within the guideline range of 46 to 57 months, or more specifically a sentence of 46 months.

I. BACKGROUND

On January 11, 2006, the defendant pled guilty to one count of unlawful user in possession of a firearm in violation of 18 U.S.C. §§922(g)(3) and 924(a)(2). The defendant also admitted Count 2, criminal forfeiture. During his plea colloquy, the defendant admitted that from December of 2004 through May of 2005, in Sitka, Alaska, he was an unlawful user of controlled substances. The defendant also admitted that during that time he knowingly possessed firearms, which had been transported in interstate commerce.

II. SENTENCING CALCULATION

  A. Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant is ten (10) years imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 special assessment.

B.   Sentencing Guidelines Calculation

As noted in the Addendum to the Presentence Report ("PSR"), the United States did not have any objections to the PSR and the defendant's objections have been discussed at length. The guideline imprisonment range should be 46 to 57 months.

III.   GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully recommends that the court impose a sentence within the adjusted sentencing range that reflects a base offense level of 14, or 46 to 57 months in custody.

A.   The Four Level Enhancement Pursuant to 2K2.1(b)(5) Applies

The presentence report includes a four level enhancement to the base offense level because the defendant used or possessed a firearm in connection with another felony offense. See USSG 2K2.1(b)(5). The enhancement has appropriately been applied.

The defendant is an admitted long time addict of the controlled substances methamphetamine and cocaine. And not only is he a user, the defendant is also a dealer; he was identified by law enforcement as distinct and significant problem in the community of Sitka. During the investigation into the trafficking of controlled substances in Sitka, law enforcement, with the help of confidential informants,

staged several controlled transactions involving the distribution of methamphetamine and cocaine with the defendant. In a controlled environment, the defendant sold methamphetamine to the confidential informant on three different occasions, each time from inside the defendant's residence. The confidential informant also described buying controlled substances from the defendant on at least 15 other occasions.

The confidential informant observed the defendant possessing multiple firearms, including an AR-15 style rifle, and displaying these firearms in plain view inside his residence. The confidential informant also witnessed the defendant carrying a handgun in his waistband while a passenger in the defendant's truck with the defendant driving on the way to a drug deal. On one occasion in particular, the defendant brandished a semi-automatic handgun while smoking crack cocaine and selling methamphetamine to the confidential informant.

The evidence recovered pursuant to the lawful search of the defendant's residence included firearms matching the description of the guns described by the confidential informant. Law enforcement found that the defendant had been sleeping on a makeshift platform with two loaded pistols and a plastic case containing two grams of cocaine. A loaded AR-15 and four loaded pistols were within arms reach of his bed. The defendant clearly possessed these firearms to

protect himself, his drug use and his drug operation, and also to indulge is burgeoning sense of paranoia.

The defendant argues simply that the confidential informant is "lying," that a gun played no part in the drug offenses. The defendant's argument is without merit. The confidential informant provided detailed descriptions of the defendant's activities during each controlled transaction that were consistent with the results of the investigation being conducted by law enforcement. In addition, the recovery of evidence matching the information provided to law enforcement by the confidential informant corroborated his statements; the confidential informant proved to be very accurate and reliable.

The defendant also argues that the four level enhancement amounts to "double counting" as regards his state drug conviction. This argument is also without merit. The presentence report is accurate when it states that the defendant is subject in state court, pursuant to a plea agreement, to a sentence that contemplates no active jail time. The state agreed to reduce the charge against the defendant from a misconduct involving a controlled substance in the third degree for distribution of a controlled substance, a B felony, which carried a presumptive two year sentence, to a fourth degree misconduct involving a controlled substance for possession of a controlled substance, a C felony, and all suspended jail time,

distinctly because of the sentence, including the enhancement, he would receive in federal court for the firearms charges. The defendant is receiving the benefit of the dual prosecution and specifically not getting double counted.

The defendant possessed firearms either on his person or in his residence both while he was distributing methamphetamine and crack cocaine and, at the very least, while he himself was possessing and using the controlled substances. Possession of crack cocaine and methamphetamine, and the distribution of crack cocaine and methamphetamine, are state and federal felony offenses. The firearms were possessed during controlled drug transactions and were found located throughout his residence to protect himself and his drug distribution operation. The defendant, therefore, possessed firearms in connection with another felony offense and the four level enhancement pursuant to 2K2.1(b)(5) is appropriate.

    B.    <u>Other Sentencing Factors Support a Sentence within the Guideline Range</u>

When considering the factors set out in 18 U.S.C. § 3553, several factors are particularly relevant in this case: the nature and circumstances of the offense and the history and characteristics of the defendant, deterrence to the defendant to others, and to protect the community from further crimes of the defendant.

In addition to the circumstances described above, the defendant was unlawfully in possession of a total of 38 firearms. He also maintained a

complicated CCTV surveillance system wired throughout his residence, possessed a portable RF detector to search customers for radio transmitters, and had located in his bathroom a functioning radio scanner that was actively monitoring Sitka Police frequency channels. Also found in his residence were large amounts of cash, moonlight night vision goggles, and packaging materials. Contrary to the defendant's claims that he has low level mental faculties, the evidence establishes a demonstrated capacity to conduct a sophisticated drug distribution operation.

The defendant is also an admitted long time drug addict. Urinalysis results at the time of his arrest confirmed the presence of marijuana, cocaine, and amphetamine in his system. The defendant was convicted in state court in 1995, 1998, and 2000 for offenses all involving controlled substances. During the present investigation, law enforcement observed heavy traffic to and from the defendant's residence. In other words, the defendant's drug distribution operation included more than just the informants. The defendant is an established risk to the safety of the Sitka community. Moreover, a significant amount of jail time would serve to adequately deter the defendant from future criminal conduct.

When considering the sentencing factors in 18 U.S.C. § 3553, therefore, a sentence within the sentencing range of 46-57 months is appropriate. Such a sentence would recognize the seriousness of defendant's offense conduct, afford

adequate deterrence to future criminal conduct and, meanwhile, protect the public from further crimes of the defendant.

The government recommends that the defendant be sentenced as follows:

(1)     **46 months in custody**;

(2)     **No fine is requested** due to the defendant's inability to pay;

(4)     **A three (3) year period of supervised release,** and

(5)     **A special assessment in the amount of $200.00** is, of course, required.


RESPECTFULLY SUBMITTED this 17th day of March, 2006 at Anchorage, Alaska

>                                     DEBORAH M. SMTIH
>                                     Acting United States Attorney
>
>                                     s/ David A. Nesbett
>                                     Special Assistant U.S. Attorney
>                                     222 West 7th Ave., #9, Rm. 253
>                                     Anchorage, AK 99513-7567
>                                     Phone: (907) 271-6306
>                                     Fax: (907) 271-1500
>                                     E-mail: david.nesbett@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2006,
a copy of the foregoing was served
electronically on Sue Ellen Tatter.

s/ David A. Nesbett