**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 09 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED

MAR 0 8 2007

CLERK, U.S. ........ COURT
ANCHORAGE, ALASKA

| UNITED STATES OF AMERICA, | No. 06-30233 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-05-00007-1-RRB |
| v. | |
| WILLIAM ROY HAMMOCK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted February 6, 2007[**]
Seattle, Washington

Before: FISHER and TALLMAN, Circuit Judges, and MILLS, District Judge.[***]

William Roy Hammock pled guilty to one count of being an unlawful user

of a controlled substance in possession of a firearm in violation of 18 U.S.C. §§

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

922(g)(3), 924(a)(2). He was sentenced to a prison term of 46 months by the district court, at the low end of the applicable Sentencing Guidelines range. The district court based its sentence in part on a four-level upward adjustment under U.S.S.G. § 2K2.1(b)(6) (previously codified at U.S.S.G. § 2K2.1(b)(5) (2005)) for possessing a firearm in connection with another felony offense. Hammock now appeals this upward adjustment. We affirm the district court's sentence.

First, the government had to establish the facts underlying the four-level upward adjustment only by a preponderance of the evidence. None of the six factors outlined in *United States v. Jordan*, 256 F.3d 922, 928 (9th Cir. 2001), supported use of the more stringent clear and convincing evidence standard. In particular, the challenged enhancement was "less than or equal to four" levels, *id.* at 928, did not cause Hammock's sentence to exceed the statutory maximum and did not more than double the sentence range Hammock faced under the Guidelines. Hammock's sentence range was 30-37 months without the enhancement and 46-57 months with the enhancement. Moreover, the district court stated that it actually made its findings by clear and convincing evidence rather than by a preponderance of the evidence.

Second, the district court did not abuse its discretion in finding that the § 2K2.1(b)(6) enhancement applied. It is undisputed that when the police searched

Hammock's home, they found close to 40 firearms, seven of them loaded and within arm's reach of the defendant. It is also undisputed that Hammock participated in two drug deals that took place in his home, respectively, about 30 and 15 hours prior to the discovery of his weapons. Based on these facts, the district court reasonably inferred that Hammock's firearms and his drug-dealing were related, and that Hammock's possession of the weapons facilitated and emboldened his drug-dealing. *See United States v. Garcia*, 997 F.2d 1273, 1284 (9th Cir. 1993). The district court was also careful not to rely heavily on the statements of the confidential informant, who claimed that Hammock carried firearms during both drug transactions and waved around a semi-automatic pistol during the latter one.

**AFFIRMED.**

3

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAR - 5 2007

by:
Deputy Clerk